CARLO O. REYES, ESQ, SBN 226150
The Law Offices of Carlo O. Reyes
22122 Sherman Way, Suite 203
Canoga Park, CA 91303
Tel No: (818) 883-8838
Fax No: (818) 883-8118
Email: CarloReyes@att.net

Attorney for Plaintiffs JOHNNY TAGUINOD and
WILHELMINA TAGUINOD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOHNNY TAGUINOD, an Individual, and WILHELMINA TAGUINOD, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WORLD SAVINGS BANK, FSB aka WACHOVIA BANK, N.A., aka WELLS FARGO BANK, N.A., a United States Corporation; WEST COAST ESCROW, a California Corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 2:10-CV-07864-SVW-RZ x <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANT WORLD SAVINGS BANK, FSB aka WACHOVIA BANK, N.A., aka WELLS FARGO, N.A.'S MOTIONS TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT |

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

## OPPOSITION

Plaintiffs JOHNNY TAGUINOD and WILHELMINA TAGUINOD (hereinafter "Plaintiffs") hereby oppose Defendant WORLD SAVINGS BANK,

- 1 -

FSB WACHOVIA BANK, N.A. aka WELLS FARGO, N.A.'s (hereinafter "Defendant Wells Fargo") Demurrer and Motion To Strike Plaintiffs' Complaint on the following grounds:

    A.   THE COURT HAS NO DIVERSITY JURISDICTION OVER THE CASE.

    B. OPPOSITION TO DEMURRER

    1. PLAINTIFFS' FIRST, SECOND, FIFTH, SIXTH, SEVENTH, EIGHT, AND ELEVENTH CAUSES OF ACTION ARE NOT TIME-BARRED.

    2. PLAINTIFFS' CLAIM IS NOT PREEMPTED BY THE HOME OWNERS' LOAN ACT (HOLA).

    3. PLAINTIFFS PROPERLY PLED ALL THE ELEMENTS OF CONTRACT.

    4. PLAINTIFFS HAVE VALID FRAUD CLAIM AGAINST DEFENDANT WELLS FARGO.

    5. PLAINTIFFS HAVE VALID CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 CLAIM AGAINST DEFENDANT WELLS FARGO.

    C. OPPOSITION TO MOTION TO STRIKE

    1. PLAINTIFFS' ALLEGATIONS COULD SUPPORT A CLAIM OF DAMAGES FOR EMOTIONAL DISTRESS.

WHEREFORE, Plaintiffs prays that:

1.   Plaintiffs' Opposition to Defendant Wells Fargo's Motions To Dismiss and To Strike be sustained;

2.   Plaintiffs be granted such other and further relief as the Court deems just and proper.

Dated: November 6, 2010

                                  **Law Offices of Carlo O. Reyes**

                                  By:   /s/   Carlo O. Reyes
                                                    Carlo O. Reyes
                                           Attorney for the Plaintiffs

- 2 -

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs are the owners of a real property located at 854 Serrano Pl, Los Angeles, California 90029, covered by APN No. 5535-027-022 (hereinafter, "property").

Plaintiffs are elderly and sickly couple. Plaintiff Johnny Taguinod is 65 while Plaintiff Wilhelmina Taguinod is 74.

On May 1, 2007, Plaintiffs entered into a mortgage loan transaction with lender World Savings Bank, FSB to include a Deed of Trust ("Deed of Trust") securing such Mortgage Note ("Note") covering the property, then and now the *principal dwelling* and home of the Plaintiffs.

Plaintiffs' loan transaction was made to refinance their mortgage basically to pay off the remaining balance of their Toyota Highlander vehicle to Toyota Motor Credit Co. in the amount of $ 24,090.00.

However, after Plaintiffs' signed the said document which is an account to be paid at closing, Defendants engaged in "bait and switch" when they intercalated a statement in said document specifically item no. 4 stating "Ok to Not Payoff" which is the payoff to Toyota Motor Credit Co. in the amount of $ 24,090.00, and item no. 3 as "duplicate" payoff to Arrow Financial Services in the amount of $ 715.00. Both items were crossed including the amount.

Likewise, another statement was intercalated below the signature of the Plaintiffs in the said document, stating, "Please note the above changes," with the name and signature of Ann Pejsa, underwriting manager.

Plaintiffs vehemently deny that they authorized changes in the accounts to be paid at closing.

When Plaintiffs' signed the said document, it did not contain the above stated intercalated statements.

Plaintiffs refinanced their loan for the purpose of paying off their Toyota Highlander vehicle.

However, Defendants did not pay Toyota Motor Credit Co. in the amount of $ 24,090.00.

1   As a consequence, Plaintiffs' Toyota Highlander vehicle was repossessed by Toyota
2   Motor Credit Co.
3   During the refinance of the loan, Plaintiffs were made to pay total settlement charges of $
4   20, 308.94 such as loan origination fee; yield spread premium; broker processing fee; document
5   preparation fee; lender processing fee; and other fees.
6   The lender World Savings Bank, FSB, merged with Wachovia Bank, N.A. which was
7   later acquired by WELLS FARGO BANK, N.A.
8   Unknown to the Plaintiffs, the ownership of loan was transferred and assigned to
9   Defendant Wells Fargo including the loan's servicing.
10  Defendant Wells Fargo was the current owner, assignee, beneficiary and servicer of the
11  loan.
12  On October 19, 2010, Wells Fargo's Demurrer and Motion To Strike was tentatively
13  denied by the court. On October 20, 2010, Defendant Wells Fargo removed the case to the U.S.
14  District Court.
15  Defendant Wells Fargo's arguments in the herein motion is just the rehash of the same
16  arguments that it used in the Superior Court which were denied by the court. Defendant Wells
17  Fargo moved to dismiss the Complaint on the grounds that: (1) At least seven causes of action
18  are time-barred (First, Second, Fifth, Sixth, Seventh, Eight, Eleventh); (2) Plaintiff's claims
19  against Wachovia are preempted by the Home owners' Loan Act; (3) Plaintiffs fail to plead a
20  viable contract-based claim (First, Second and Third Causes of Action);(5) Plaintiffs fail to plead
21  misrepresentation with the requisite particularity (First and Second causes of action);
22  (6)Plaintiffs' state law rescission claim is defective (Fourth cause of action); (7) Plaintiffs'
23  conversion claim is not actionable (Fifth cause of action); (8)Plaintiffs' are not entitled to a
24  constructive trust (Sixth cause of action); (9) Wachovia did not owe Plaintiffs a fiduciary duty
25  (Seventh cause of action); (10) Plaintiffs' purported claim regarding pre-foreclosure contact is
26  entirely conclusory (Ninth cause action); (11) The mere processing of a loan does not give rise to
27  elder abuse liability (Tenth cause of action); 12. Emotional distress damages are not recoverable
28  (Eleventh cause of action); 13. Plaintiffs' Bus. & Prof. Code § 17200 claim also fails (Twelfth

cause of action); 14. Damages are unavailable for wrongful foreclosure-based claims (Ninth through Twelfth causes of action).

However, as we will be set forth below, Defendant Wells Fargo's Motion To Dismiss lacks sufficient merit and must be denied.

## II. STANDARD FOR MOTION TO DISMISS

The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a)(2)] In *Conley v Gibson*, 355 U.S. 41 (1957), the United States Supreme Court noted that FRCP "do not require a claimant to set out in detail the facts upon which they base their claim. To the contrary, all the Rules require is 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiffs' claim is and the grounds upon which it rests."

Even applying the standard set by the subsequent case of *Bell Atlantic Corporation v. Twombly* 550 U.S. 544 (2007) which requires that complaint should have enough factual matter, not just labels, conclusions, and formulaic recitation of the elements of cause of action, the instant case has still sufficient and enough facts to state a claim of relief that is tenable on its face.

Here, Plaintiffs stated and identified in the Complaint the Defendants and enumerated the different causes of action against them with enough factual support and exhibits attached.

A complaint may not be dismissed if there is any set of facts set forth in the complaint which will support a cause of action. When a Court rules on motion to dismiss, it must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the Plaintiffs. In fact, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." [*Bernheim v. Litt*, 79 F.3d 318(1996)].

### III. ARGUMENT

### A. THE COURT HAS NO DIVERSITY JURISDICTION OVER THE CASE.

The primary issues hereto are breach of contract and fraud. Defendant Wells Fargo improperly categorized the nature of the suit as foreclosure in the civil case cover sheet it

submitted to court. No amount was even alleged in the complaint and in the prayer. Thus, Defendant Wells Fargo failed to establish the amount in controversy of not less than $ 75,000.00 to invoke diversity jurisdiction under 28 U.S. C. § 1332.

Although the amount of the property is $ 735,000.00 as reflected in the Deed of Trust and the Note, however, Plaintiffs' interest in the said property is still speculative considering the primary issues are breach of contract and fraud. Further, it should be noted that diversity jurisdiction will not lie for lack of jurisdictional amount if the claim is speculative or intangible. [*Jackson v. American Bar Association* (9th Cir. 1976) 538 F2d 829, 831]

Further, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. [ 28 *U.S.C.* §1332(c)(1)]. The principal place of business is determined by the "nerve center" test and the "place of operations" test. [*Unger v. Del E. Webb Corp.* (ND CA 1964) 233 F. Supp.; 713, 716; *Kelly v. United States Steel Corp.* (3rd Cir.1960) 284 F2d 850, 854]

Here, Defendant Wells Fargo conducts a substantial predominance of its business activities within the state of California. Defendant Wells Fargo should be deemed to have a California principal place of business under the prevailing analyses because a predominate amount of its activities occur in California. Likewise, it has appointed an agent for service of process here in California.

Thus, Wells Fargo is a citizen of California due to the location of its principal place of business and South Dakota due to the location of its main office under its article of association and. (*Mount v. Wells Fargo Bank, N.A.* [Civ. No. 08-6298, 2008 WL 5046286 (C.D. Cal. Nov. 24, 2008); see also *Karis House, Inc. v. Bank of America*, No. CV 04-2898 (C.D. Cal. July 19, 2004)] Consequently, Plaintiffs and Defendant Wells Fargo shared California citizenship, and thus, the court lacked diversity jurisdiction.

The procedures for properly removing an action from State Court to Federal Court are set forth in 28 U.S.C. § 1446. As set forth in the statute, a defendant must comply with these procedures in order to invoke federal removal jurisdiction. Specifically, 28 U.S.C. §1446(b) provides that a notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant of a copy of the complaint. In this case, Defendant Wells Fargo was served with summons, complaint and other papers in State action on July 2, 2010. Defendant Wells Fargo also filed Demurrer and Motion To Strike on July 23, 2010.

PLAINTIFFS' OPPOSITION TO DEFENDANT WORLD SAVINGS BANK, FSB aka WACHOVIA BANK, N.A., aka WELLS FARGO, N.A.'S MOTIONS TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT

On August 9, 2010, Plaintiffs filed a voluntary request for dismissal against Defendant West Coast Escrow which appeared in the Los Angeles Superior Court online docket.

Defendant Wells Fargo argued that the 30 day period within which to file the Notice of Removal shall begin from the time it has notice of the dismissal of the case as to the Defendant West Coast Escrow. Its counsel implausibly stated that he only learned of the dismissal on or about October 15, 2010. However, the online state court docket regarding dismissal of the case as to Defendant West Coast Escrow has been uploaded by the court on or about August 9, 2010. It is on the look out of the Defendant Wells Fargo with regard the status of the case since it is available in court or in the public online service of the court. Defendant Wells Fargo's removal is therefore untimely and filed merely to interfere with the pending case in the state court.

B.  OPPOSITION TO DEMURRER

1.  PLAINTIFFS' FIRST, SECOND, FIFTH, SIXTH, SEVENTH, EIGHT, AND ELEVENTH CAUSES OF ACTION ARE NOT TIME-BARRED.

Although the statute of limitation for fraud is three years (3) Cal. Code of Civ. Proc. § 338(d), but this does not accrue until the aggrieved party discovers the facts constituting the fraud.

Here, Plaintiffs only discovered of the fraud sometime in April 2008 when Toyota Financial Services tried to recover the vehicle for non-payment. Plaintiffs are unaware of the facts of fraud, deceit and trickery when the Note and the Deed of Trust were signed regarding their property.( See *Lee v. Escrow Consultants, Inc.* 210 Cal. App. 3d 915, 921, 259 Cal. Rptr.117 (1989); *Tijsseling v. General Acc. ETC Assurance Corp.*, 55 Cal. App. 3d 623, 628, 127 Cal. Rptr. 681 (1976) Furthermore, the court has not hesitated to find the statutory period tolled or suspended by the conduct of the defendant. (*American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974))

2.  PLAINTIFFS' CLAIM IS NOT PREEMPTED BY THE HOME OWNERS' LOAN ACT (HOLA).

At the outset, Plaintiffs negotiated and signed the contract not with Wachovia Mortgage, FSB but with World Savings Bank. Eventually Defendant Wells Fargo took over and serviced the loan. HOLA is not applicable to Defendant Wells Fargo or World Savings Bank.

Further, Plaintiffs' causes of action are not within the parameter of the categories listed under 12 C.F.R 560.2(b) which allegedly provides for HOLA preemption of state laws.

Basically, Plaintiffs' causes of action against Defendant Wells Fargo are about breach of contract due to fraud and deceit which are not within the purview of 12 C.F.R 560.2(b).

It should also be noted that there is only preemption when federal statute commanded it or when a conflict between federal and state law precluded obedience to both sovereigns. (*Florida Lime & Avocado Growers, Inc. v. Paul* 373 U.S. 132 (1963), or when federal statute so completely occupied a field that it left no room for additional state regulation (*Napier v. Coast Line R. Co.* 272 U.S. 605 (1926)) Here, HOLA is not applicable to preempt state law.

## 3. PLAINTIFFS PROPERLY PLED A VIABLE CONTRACT BASED CLAIM.

Plaintiffs and Defendant Wells Fargo signed the contract to refinance Plaintiffs' property. Defendant Wells Fargo represented to the Plaintiffs, induced them to believe and assured them that through refinance of their mortgage loan, Plaintiffs will be able to pay off the balance of their motor vehicle loan to Toyota Motor Credit Company in the amount of $ 24,090.00. However, Defendant Wells Fargo failed to pay the vehicle loan which it is obligated to do so.

## 4. PLAINTIFFS HAVE VALID FRAUD CLAIM AGAINST DEFENDANT WELLS FARGO.

Plaintiffs bring a claim for fraud against Defendant Wells Fargo. The elements of a claim for fraud under California law are (1) misrepresentation (a false representation, concealment or non disclosure), (2) knowledge of falsity, (3) intent to defraud (to induce reliance), (4) justifiable reliance, and (5) resulting damage. *Agosta v. Astor*, 120 Cal. App. 4th 596, 603 (2004).

Defendant Wells Fargo represented to the Plaintiffs, induced them to believe and assured them that through refinance of their mortgage loan, Plaintiffs will be able to pay off the balance of their motor vehicle loan to Toyota Motor Credit Company in the amount of $ 24,090.00.

That based upon the foregoing representations of Defendants, and each of them, Plaintiffs did in fact repose their trust in the representations of Defendants, and each of them, and that such trust was reasonable.

- 8 -

Defendant Wells Fargo knew that their representation to pay off the balance of Plaintiffs' motor vehicle loan to Toyota Motor Credit Company in the amount of $ 24,090.00 is false.

## 5. PLAINTIFFS HAVE VALID CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 CLAIM AGAINST WELLS FARGO.

Plaintiffs have enumerated in the Complaint Defendant Wells Fargo's acts within the purview of the California Business and Professions Code § 17200 that resulted into Plaintiffs' damages and substantial ascertainable loss. These violations are and were a matter of their standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

The business acts and practices of the Defendant Wells Fargo as alleged in the Complaint, constitute "unlawful" business practices, for the reasons set forth above, said acts and practices violate the contract between the parties, and their fiduciary duties. The business acts and practices of the Defendant also constitute "unfair" business practices under UCL in that said acts and practices offend *public policy* and are substantially injurious to Plaintiffs and all consumers.

Said acts and practices have no utility that outweighs their substantial harm to Plaintiffs, all consumers, and potential homeowners.

## IV. STANDARD FOR MOTION TO STRIKE

Since striking a party's pleadings is such an extreme measure, motions to strike are viewed with strong disfavor. *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450,1478.

Accordingly, a motion to strike matter from a pleading "will be granted only if it is clear that the matter will have no bearing on the controversy before the Court. *RDF Media Ltd. v. Fox Broadcasting Co.*,372 F. Supp.2d 556, 566. If the alleged matter is merely of doubtful relevancy or doubtful legal value, the motion will be denied.

- 9 -

PLAINTIFFS' OPPOSITION TO DEFENDANT WORLD SAVINGS BANK, FSB aka WACHOVIA BANK, N.A., aka WELLS FARGO, N.A.'S MOTIONS TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT

Accordingly, a motion to strike matter from a pleading "will be granted only if it is clear that the matter will have no bearing on the controversy before the Court. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp.2d 556, 566. If the alleged matter is merely of doubtful relevancy or doubtful legal value, the motion will be denied.

The question of plaintiff's ability to prove his or her allegations, or the possible difficulty in making such proof is of no concern to this Court. (*Committee on Children's Television, Inc. v. General Foods, Corp.* (1983) 33 Cal.3d 197, 214.)

Defendant Wells Fargo moved to strike the Complaint on the grounds that: (1) Plaintiffs are not entitled to emotional distress for economic injury; (2) Plaintiffs fail to plead punitive damages pursuant to civil code § 3294; (3) Plaintiffs plead no facts that even hint at malice, oppression or fraud on the part of any defendant.

However, as we will be set forth below, Defendant Wells Fargo's motion to strike lacks sufficient merit and must be denied.

## V. ARGUMENT

### 1. PLAINTIFFS' ALLEGATIONS COULD SUPPORT A CLAIM OF DAMAGES FOR EMOTIONAL DISTRESS.

Plaintiffs' claim of damages for emotional distress is independent of the damage to the property or economic interest. The emotional disturbance amounts to shock and injury to their mental and nervous system, all of which injuries have caused and continue to cause Plaintiffs physical, mental, and nervous pain, suffering, and anxiety which manifested personal harm to the Plaintiffs as well. In addition to harming Plaintiffs' property interests, the acts caused Plaintiffs' additional frustrations and emotional distress independent from their concern over their property rights and interests.

Damages for emotional distress may be claim even without physical manifestation for negligent destruction of a Plaintiffs' property. (*Rodrigues v. State*, 472 P. 2d 509). Taken as true and viewed in a light most favorable to the Plaintiffs, the allegation set forth in the Plaintiffs' complaint could support a claim of damages for emotional distress.

- 10 -
PLAINTIFFS' OPPOSITION TO DEFENDANT WORLD SAVINGS BANK, FSB aka WACHOVIA BANK, N.A., aka WELLS FARGO, N.A.'S MOTIONS TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT

## VI. CONCLUSION

Defendant Wells Fargo's Motions To Dismiss and To Strike Plaintiffs' Complaint have no merit.

Dated: November 6, 2010

                                  The Law Offices of Carlo O. Reyes

                                  /s/   Carlo O. Reyes

                           By: _____
                                  CARLO O. REYES
                                  Attorney for the Plaintiffs

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 22122 Sherman Way Suite 203, Canoga Park, CA 91303.

On November 8, 2010, I served the following document(s) described as:

**PLAINTIFFS' OPPOSITION TO DEFENDANT WORLD SAVINGS BANK, FSB aka WACHOVIA BANK, N.A., aka WELLS FARGO, N.A.'S MOTIONS TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT**

to the person below as follows:
Jeremy E. Shulman, Esq
Anglin, Flewelling, Rasmussen Campbell & Trytten LLP
199 South Los Robles Ave., Suite 600
Pasadena, CA 91101

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EMC/ECF System.

[ ] (BY TELECOPIER) I caused such document to be delivered by telecopy transmission to the offices of the addressee.

[ ] (BY MAIL) I enclosed the document in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

[ ] deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.

[ ] place the envelop or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is place for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope or package with postage fully prepaid.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the law of the United States of America that the above is true and correct.

Executed on November 8, 2010, at Los Angeles, California.

/s/ Abner C.B. Reteracion
_____
ABNER C.B. RETERACION

- 12 -